UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MINDY VANG,

        Plaintiff,

v.

        Case No. 25-cv-1560-pp

FRANK J. BISIGNANO,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)**

        The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

        Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

        Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's request indicates

1

that she is not employed, she is not married and she has no dependents she is responsible for supporting. Dkt. No. 2 at 1. The plaintiff states that she has no wages or salary, that her only source of income is $291 per month in food stamps and that her only monthly expense is the same $291 in food stamps for other household expenses. Id. at 2-3. The plaintiff does not own her home, a car or any other property of value and she has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "live with my daughter. she is the one providing for me. she pays for my basic necessities. I get food stamps and Medicaid. My son also helps me when he can, but it is getting hard to get by everyday." Id. at 4. The plaintiff has demonstrated that she cannot pay the $405 fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

According to the plaintiff's complaint, she was denied disability insurance benefits. Dkt. No. 1 at 1-2. The plaintiff says that the evidence she produced and the medical and vocational exhibits establish that she is

2

disabled, and the decision to deny her benefits is arbitrary, capricious and not supported by the law or the evidence. Id. at 2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 14th day of October, 2025.

        **BY THE COURT:**

        **HON. PAMELA PEPPER**
        **Chief United States District Judge**